13 CIV 2926

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LESTER LEE JAVIER,                                                :

               Plaintiff,                                    :      COMPLAINT

        -vs-                                                              :

MARISSA TEVES BECK, HENRY R. BECK,                   :      PLAINTIFF DEMANDS
MEDICAL DYNAMIC SYSTEMS, INC.; OASIS                :      A JURY ON ALL
PROFESSIONAL MANAGEMENT GROUP, INC.,          :      ISSUES TO BE TRIED
ADVANCED PROFESSIONAL MARKETING, INC.,        :
GRILL 21 LLC, PAN DE SAL LLC, and GRAMERCY   :
GROUP FOUR LLC,                                                      :

               Defendants.                                :
------------------------------------------------------------------X

      Plaintiff LESTER LEE JAVIER, by his undersigned attorney, as and for his Complaint against the defendants, alleges as follows:

      1.     This is an action for damages and other remedies on behalf of a non-immigrant worker who was cheated out of his wages, forced to pay illegal fees, held in indentured servitude, and retaliated against in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1589 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, and various state and local laws.

      2.     Defendant Marissa Teves Beck is a recruiter with an ugly track record of illegally abusing and mistreating non-immigrant workers. In 2008, the U.S. Department of Labor issued a determination letter finding that she and a company she controlled had cheated employees out of almost $3 million in wages. The Department of Labor also determined that Mrs. Beck had threatened employees with lawsuits and loss of their legal

status – and actually commenced lawsuits against them – when they complained of her illegal conduct.

3. In 2009, this Court entered a permanent injunction against Mrs. Beck prohibiting her and her company from future violations of the FLSA's overtime and recordkeeping provisions. She was also ordered to advise employees of their rights under the FLSA, in particular their right to engage in protected activity without fear of retaliation.

4. Despite having been caught by the government in 2008 and enjoined by this Court in 2009, Mrs. Beck has continued her illegal activity and willfully violated this Court's permanent injunction. She has done this by hiding behind the perceived legitimacy of her husband, Henry R. Beck – a Vice President with The Corcoran Group – and by using a web of corporate entities purportedly run by her husband, but actually managed and controlled by Mrs. Beck herself.

5. Plaintiff Lester Lee Javier is one of the victims of the Becks' illegal and abusive treatment of non-immigrant workers. The Becks' abusive and illegal conduct includes:

    a. illegally charging plaintiff thousands of dollars in fees for an H-1B visa application when federal law requires that such fees be paid only by the employer and not passed on to the worker or any third party;

    b. falsely representing to the federal government that plaintiff, as an H-1B applicant, would be paid at least the prevailing wage, when the Becks intended to pay and actually paid plaintiff less than half of that wage;

    c.  failing and refusing to pay overtime to plaintiff when he worked more than 40 hours during a workweek;

    d.  creating and maintaining false and fraudulent records of employee wages and hours as part of a scheme to deprive plaintiff of the compensation he was entitled to receive under his employment contracts and federal law;

    e.  requiring plaintiff, as a condition of employment and H-1B visa sponsorship, to execute a $15,000 confession of judgment payable to the Becks or companies they controlled if plaintiff stopped working for any reason other than his death or disability – in other words, requiring plaintiff to become an indentured servant;

    f.  breaching their contracts with plaintiff and violating federal law by filing multiple false and fraudulent documents with the federal government in support of applications for visas and social security numbers;

    g.  manipulating, controlling, and coercing plaintiff and other employees to give up their legal rights by firing and threatening to fire, without the notice and benefits required by federal immigration laws, any employee who questioned the Becks' illegal and abusive conduct;

    h.  manipulating, controlling, and coercing plaintiff and other employees to give up their legal rights by filing and threatening to file lawsuits against any employee who questioned the Becks' illegal and abusive conduct;

    i.  manipulating, controlling, and coercing plaintiff and other employees to give up their legal rights by withdrawing and threatening to withdraw the H-1B

application of any employee who questioned the Becks' illegal and abusive conduct;

j.  withdrawing the application for plaintiff's H-1B visa on false pretenses in retaliation for his assertion of his legally-protected rights, and refusing to provide plaintiff with the termination notice and benefits required by federal immigration laws.

6. The Becks' mistreatment of plaintiff is not an isolated incident, but part of a much larger and continuous illegal enterprise. For years, the Becks have engaged in an illegal scheme involving immigration fraud, perjury, extortion, willful violations of this Court's permanent injunction, mail fraud, wire fraud, and violations of the Fair Labor Standards Act (FLSA) and the Trafficking Victims Protection Act (TVPA) affecting hundreds of non-immigrant employees.

7. Upon information and belief, the Becks and their companies have filed more than 750 applications for H-1B visas since 2001, and many of those applications have been based on the Becks' willfully false and fraudulent submissions to the federal government.

8. The Becks have carried out their fraudulent and illegal scheme through a network of companies that they own and control, including the corporations and limited liability companies named as defendants in this action. Treating employees like their personal property, the Becks use employees at different companies depending on their personal wishes and needs. For example, when the Becks did not have enough work for plaintiff as a Physical Therapy Rehab Manager or Physical Therapy Aide, they refused to pay him. To earn a living, he had no choice but to work as a dishwasher, delivery boy,

and cook at one the Becks' restaurants, defendant Grill 21, for only $9 per hour. Plaintiff also worked as a Physical Therapy Aide for defendant Advanced Professional Marketing, Inc., also for only $9 per hour.

9. Disregarding corporate forms and formalities, the Becks dominate the corporate defendants to cheat non-immigrant workers out of their wages, overtime payments, and contractual rights to legitimate immigration assistance. The Becks' continuous fraudulent and illegal conduct includes creating and maintaining false hours and wages records, making false representations under oath to the federal government, demanding and concealing illegal payments from non-immigrant workers, and employing non-immigrant workers in positions inconsistent with their immigration status and at wages below the prevailing wages for their job positions.

## Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216 (b) (FLSA), 18 U.S.C. § 1595(a) (civil trafficking), and 18 U.S.C. § 1964(c) (RICO). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this District, and pursuant to 18 U.S.C. § 1965(a) because some or all of the defendants reside, are found, have agents, and/or transact their affairs in this District.