the H-1B worker return transportation home. Each of the three steps must be documented and such documentation be retained as evidence of separation.

74. The Becks and their companies did not provide written notice of termination to plaintiff.

75. The Becks and their companies sent a false and misleading notice to USCIS.

76. The Becks and their companies did not provide reasonable costs of transportation for plaintiff back to the Philippines.

77. In the absence of a proper termination, plaintiff is entitled to the benefits of his 2011 Contract, including payment of the higher of $35.53 per hour or the prevailing wage for a full 40-hour workweek for each week from the beginning of his employment under the 2011 Contract until the end of the 2011 Contract's three-year term, together with health insurance and all the other benefits defendants are required to provide under the 2011 Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)

78. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 77 above as if fully restated herein.

79. Defendants Medical Dynamic Systems, Inc., Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21 LLC, Pan de Sal LLC, and Gramercy Group Four LLC (the "Becks' Companies") have regulated the employment of all persons employed by them, acted directly and indirectly in their own

interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the FLSA.

80. Defendants Marissa Teves Beck and Henry R. Beck are and at all relevant times were in active control and management of the Becks' Companies, regulated the employment of persons employed by the Becks' Companies, acted directly and indirectly in the interest of the Becks' Companies in relation to the employees, and thus are employers of their employees within the meaning of section 3(d) of the FLSA.

81. The business activities of the defendants, as described in this complaint, are related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

82. Defendants have employed and are employing employees at their places of business in activities of an enterprise engaged in commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore the employees are employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

83. Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA by employing their employees in an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

84. Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the FLSA.

### AS AND FOR AN SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT

85. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 84 above as if fully restated herein.

86. Plaintiff is a victim of violations of the following sections of Title 18, Chapter 77 of the United States Code: 18 U.S.C. §§ 1589, 1590, 1594(a), and 1594(b).

87. Defendants Marissa Teves Beck, Henry R. Beck, Medical Dynamic Systems, Inc., Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21 LLC, Pan de Sal LLC, and Gramercy Group Four LLC were perpetrators of violations of 18 U.S.C. §§ 1589, 1590, 1594(a), and 1594(b).

88. Defendants have knowingly benefited, financially or by receiving something of value, from participation in a venture which defendants knew or should have known has engaged in violations of 18 U.S.C. §§ 1589, 1590, 1594(a), and 1594(b).

89. Defendants knowingly provided and obtained the labor and services of plaintiff by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern or plan intended to cause plaintiff to believe that he would suffer serious harm in the event he did not perform labor or provide services.

90. Defendants have knowingly benefited, financially and by receiving the benefits of plaintiff's labor and services, from participation in a venture which defendants knew or should have known was engaged in the acts set forth in this complaint.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

91. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 90 above as if fully restated herein.

92. Plaintiff is a "person" with standing to sue within the meaning of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961(3) and 1964(c).

93. Each defendant is a "RICO person" within the meaning of 18 U.S.C. § 1963(1) because each defendant is an individual or entity capable of holding a legal or beneficial interest in property.

**The RICO Enterprise**

94. Defendants, collectively, constitute an association-in-fact and therefore an enterprise within the meaning of 18 U.S.C. § 1961(4). Such RICO enterprise is an ongoing business enterprise with the common purposes of:

   a. recruiting, obtaining, processing, and providing healthcare workers to work at employers in New York, Connecticut, and New Jersey;

   b. providing and maintaining a consistent and acquiescent labor force; and

   c. soliciting and collecting funds from non-immigrant workers in connection with procuring F-1 (student) and H-1B visas and employment opportunities for employment with defendants and their clients.

95. The RICO enterprise is engaged in interstate commerce in that its activities and transactions relating to the placement of workers in the tri-state area and the interstate and international movement of workers through the procuring of F-1 (student) and H-1B visas affect interstate commerce and frequently require travel and communications across state and international borders.

96. The members of the RICO enterprise function as a continuing unit.

97. Defendants have violated 18 U.S.C. § 1962(c) because they are associated with an enterprise (the association-in-fact of all defendants) engaged in, or the activities which affect, interstate commerce and have, directly or indirectly, conducted or participated in the conduct of an enterprise's affairs through a pattern of racketeering activity.

**Predicate Acts**

98. Defendants have violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). Specifically, defendants conducted or participated in the following predicate acts of racketeering activity under 18 U.S.C. § 1961(1):

   a. forced labor in violation of 18 U.S.C. § 1589;

   b. trafficking persons with respect to forced labor in violation of 18 U.S.C § 1590;

   c. conspiracy to prevent employees from exercising their Thirteenth Amendment right to be free from involuntary servitude in violation of 18 U.S.C. § 241;

   d. knowingly holding employees in involuntary servitude in violation of 18 U.S.C. § 1584;

e. fraud in connection with foreign labor contracting in violation of 18 U.S.C § 1351(a);

f. immigration fraud in violation of 18 U.S.C. § 1546;

g. false statements in connection with the Social Security laws in violation of 42 U.S.C. § 1383a;

h. mail fraud to further their unlawful scheme in violation of 18 U.S.C. § 1341;

i. wire fraud to further their unlawful scheme in violation of 18 U.S.C. § 1343; and/or

j. extortion as defined in New York Penal Law § 155.05(2)(e).

99. Upon information and belief, the defendants utilized the telephone, facsimile, postal system, and/or e-mail of the United States to organize, plan, and coordinate the RICO enterprise.

100. Defendants conducted or participated in the affairs of the RICO enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of forced labor in violation of 18 U.S.C. § 1589.

101. Defendants conducted or participated in the affairs of the RICO enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of trafficking with respect to peonage, involuntary servitude, or forced labor in violation of 18 U.S.C. § 1590.

102. Defendants conducted or participated in the affairs of the RICO enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of document servitude in violation of 18 U.S.C. § 1592.