103. As set forth in the preceding paragraphs, defendants conducted or participated in the affairs of the RICO enterprise through a pattern of using the U.S. mails and wire communications, including communications via telephone, fax, internet and/or email, on numerous occasions to further this fraudulent scheme.

104. These willful, knowing, and intentional acts constitute mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

105. Defendants conducted or participated in the affairs of the RICO enterprise through a pattern of threatening plaintiff and other non-immigrant employees with deportation and financial ruin in violation of New York Penal Law § 155.05(2)(e) if they did not pay the illegal fees demanded by defendants and accept compensation lower than the prevailing wage that had been reported in support of their H-1B applications.

106. Plaintiff and other non-immigrant employees feared financial harm to themselves and their families and feared deportation if they did not pay the illegal fees demanded by defendants and accept compensation lower than the prevailing wage that had been reported in support of their H-1B applications.

107. Defendants' use of threats to instill fear in plaintiff and other non-immigrant employees and to secure payment of illegal fees violates New York Penal Law § 155.05(2)(e).

**Pattern of Related Racketeering Acts**

108. Defendants have engaged in the racketeering activity described in this Claim for Relief repeatedly since before 2008 and continuing through the present with respect to more than 100 non-immigrant healthcare workers.

109. Defendants' racketeering activity conducted through the RICO enterprise continues to the present day.

110. Defendants, through the RICO enterprise, rely on the racketeering acts described in this complaint to conduct the regular business activities of the RICO enterprise.

111. Defendants' racketeering acts have similar purposes: to profit from the fraudulent recruitment and forced labor and services of plaintiff and other non-immigrant employees, and to recruit, obtain, provide and maintain a consistent, submissive, and compliant non-immigrant labor force at their companies and clients.

112. Defendants' acts have yielded similar results and caused similar injuries to plaintiff and other non-immigrant employees.

113. As a result of defendants' unlawful conduct, plaintiff and other non-immigrant employees have, *inter alia*, been subjected to exorbitant and illegal fees, and have been forced to work for wages below the prevailing wages reported to the government in connection with their H-1B applications.

114. As set forth in the preceding paragraphs, the racketeering acts have similar participants: all the defendants.

115. As set forth in the preceding paragraphs, defendants, through the RICO enterprise, directed their racketeering activities at similar victims: non-immigrant healthcare workers.

116. Defendants' acts have similar methods of commission, such as common recruitment tactics, relatively consistent practices with respect to collecting payments

from plaintiff and other non-immigrant employees, and use of similar employment practices and policies with respect to plaintiff and other non-immigrant employees.

**Injury**

117. As a direct and proximate result of defendants' willful, knowing, and intentional acts discussed in this Claim for Relief, plaintiff and other non-immigrant employees have suffered injuries to their property and/or business. The injuries suffered by plaintiff and other non-immigrant employees include, *inter alia*, being forced to pay exorbitant and illegal fees; being deprived of time and a half pay for overtime; and being forced to work at wages less than the prevailing wage reported to the federal government in their H-1B applications.

118. Plaintiff is entitled to an award of damages in an amount to be determined at trial, including treble damages and attorneys' fees and costs associated with this action.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR BREACH OF THE 2009 CONTRACT

119. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 118 above as if fully restated herein.

120. Plaintiff and defendant Medical Dynamic and its affiliates entered into a valid employment contract whereby Medical Dynamic agreed: (a) to pay plaintiff a base compensation of $28 per hour for all hours worked; and (b) to take all reasonable steps to ensure that plaintiff obtained the relevant authorizations and met the requirements necessary to work legally in the United States for the duration of the term of the contract.

121. The affiliates of defendant Medical Dynamic include defendants Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21 LLC, Pan de Sal LLC, and Gramercy Group Four LLC.

122. Defendants Marissa Teves Beck and Henry R. Beck exercised complete domination of the corporate defendants with respect to the events and transactions alleged herein, and they used such domination to commit frauds or wrongs against plaintiff which resulted in plaintiff's injury.

123. Defendants breached the contract by failing and refusing to pay plaintiff a base compensation of $28 per hour for all hours worked.

124. Defendants breached the contract by failing and refusing to take reasonable steps to ensure that plaintiff obtained the relevant authorizations and met the requirements necessary to work legally in the United States for the duration of the term of the contract.

125. By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR BREACH OF THE 2011 CONTRACT

126. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 125 above as if fully restated herein.

127. Plaintiff and defendant Medical Dynamic and its affiliates entered into a valid employment contract whereby Medical Dynamic agreed: (a) to pay plaintiff a base compensation of $35.53 per hour for all hours worked; and (b) to take all reasonable steps to ensure that plaintiff obtained the relevant authorizations and met the requirements necessary to work legally in the United States for the duration of the term of the contract.

128. The affiliates of defendant Medical Dynamic include defendants Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21 LLC, Pan de Sal LLC, and Gramercy Group Four LLC.

129.     Defendants Marissa Teves Beck and Henry R. Beck exercised complete domination of the corporate defendants with respect to the events and transactions alleged herein, and they used such domination to commit frauds or wrongs against plaintiff which resulted in plaintiff's injury.

130.     Defendants breached the contract by failing and refusing to pay plaintiff a base compensation of $35.53 per hour for all hours worked.

131.     Defendants breached the contract by failing and refusing to take reasonable steps to ensure that plaintiff obtained the relevant authorizations and met the requirements necessary to work legally in the United States for the duration of the term of the contract.

132.     By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR FRAUD

133.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 132 above as if fully restated herein.

134.     As described more fully herein, defendants made false representations of material fact to plaintiff.

135.     Defendants knew that the representations set forth above were false at the time they were made.

136.     Plaintiff justifiably relied on defendants' representations described above.

137.     Plaintiff was injured financially by reason of defendants' false representations.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR UNJUST ENRICHMENT

138. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 137 above as if fully restated herein.

139. By reason of the facts alleged herein, defendants benefited financially and otherwise.

140. Defendants benefited at plaintiff's expense.

141. Plaintiff reasonably expected to receive the benefits that defendants obtained at his expense.

142. Equity and good conscience require that defendants pay restitution to plaintiff for the benefits they received.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR QUANTUM MERUIT

143. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 142 above as if fully restated herein.

144. Through his labor and services, plaintiff conferred significant benefits on defendants.

145. Defendants accepted these benefits.

146. Plaintiff reasonably expected to be fairly and equitably compensated for his labor and services in good faith.

147. Defendants failed to provide plaintiff with appropriate payment for the conferred benefits, the value of which are calculable.

148. Defendants are liable under *quantum meruit* for the value of labor and services that plaintiff provided.