UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

LESTER LEE JAVIER,

                            Plaintiff,                      13 Civ. 2926 (WHP)

               -vs-

MARISSA TEVES BECK, HENRY R. BECK,
MEDICAL DYNAMIC SYSTEMS, INC., OASIS
PROFESSIONAL MANAGEMENT GROUP, INC.,
ADVANCED PROFESSIONAL MARKETING, INC.,
GRILL 21 LLC, PAN DE SAL LLC, and GRAMERCY
GROUP FOUR LLC,

                         Defendants.

-----------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
### TO HINSHAW & CULBERTSON'S MOTION
### TO WITHDRAW AS DEFENDANTS' COUNSEL
### AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
### PURSUANT TO FED. R. CIV. P. 4 AND 37

Plaintiff Lester Lee Javier submits this memorandum of law in response to the motion by

Hinshaw & Culbertson to withdraw as defendants' counsel and in support of plaintiff's cross-

motion to compel discovery, for discovery sanctions, and for an award of attorneys' fees and

process service costs.

### Preliminary Statement

Plaintiff does not oppose Hinshaw & Culbertson's motion to withdraw, which will be

decided largely on the basis of information provided to the Court *in camera*. Plaintiff requests,

however, that the Court enter an order pursuant to Fed. R. Civ. P. 37 compelling the defendants

to appear for their depositions on specific dates in order to prevent any further delays in the

completion of discovery.

Specifically, plaintiff requests an order: (a) requiring the defendants to retain new counsel within 30 days; (b) directing the defendants to appear for their depositions on specific dates set by the Court; (c) warning the defendants that their failure to appear for their depositions will result in sanctions including entry of default judgments against them; and (d) requiring the defendants to pay plaintiff's attorney's fees incurred in connection with this cross-motion to compel their attendance at depositions.

Plaintiff also requests an order, pursuant to Fed. R. Civ. P. 4(d)(2), requiring the corporate defendants to pay the costs of serving them with the summons and complaint in this action, together with the attorney's fees incurred in moving for this relief.

A detailed discovery order is required because the defendants have repeatedly refused to appear for their depositions. In the Fall of 2013, they agreed to dates several times, only to cancel the depositions at the last minute because the defendants or their counsel supposedly became unavailable. This resulted in several months of delays.

In January 2014, the defendants obtained another postponement of their depositions by representing to the Court that a settlement conference with a Magistrate Judge would be productive. But when it came time for the settlement conference, the defendants refused to make any counter-offer to plaintiff's settlement demand – not even a nuisance value offer – which resulted in the Magistrate Judge cancelling the settlement conference as a waste of time. Again, the defendants caused a delay of several months.

In May 2014, the defendants agreed to appear for depositions in June 2014. Two days before their depositions were to start, however, the defendants asked this Court to disqualify plaintiff's counsel and unilaterally refused to appear for their depositions until that application

was decided. The Court determined that their disqualification motion was without basis in fact or law.

Then in July 2014, again just days before their depositions were scheduled to begin, the defendants fired their attorneys. Their attorneys then made an application to withdraw, which once again prevented the defendants' depositions from proceeding.

It is clear that defendants will not appear voluntarily for their depositions. The only way to ensure discovery will be completed in this action is a Court Order requiring each defendant to appear for depositions on specific dates, warning defendants that their failure to appear will result in entry of default judgments, and imposing monetary sanctions to deter future obstructive conduct by these defendants.

## **Statement of Facts**

This action was commenced on May 1, 2013 by filing the Summons and Complaint. An initial pretrial conference was held on August 9, 2013. The initial Scheduling Order provided for a fact discovery deadline of February 14, 2014. (Howley Declr. ¶¶ 1-3 & Exh. A).

As of today, August 1, 2014, substantially all document discovery has been completed, and defendants have completed a two-day deposition of plaintiff. None of the defendants, however, have appeared for their depositions. (*Id.* ¶ 4).

## A.   **Defendants Delayed Discovery by Refusing to Appear for Depositions**

On September 6, 2013, plaintiff served defendants with a Rule 30(b)(6) notice to take the deposition of defendant Medical Dynamic Systems, Inc. (MDSI) on October 16, 2013. (*Id.* ¶ 5 & Exh. B). Almost one month later, defendants' counsel sought an indefinite postponement of that 30(b)(6) deposition. Plaintiff's counsel refused to postpone the deposition unless defendants

3

provided a new date. He also proposed alternative dates, including October 25, 29, 30, or 31, 2013. (*Id.* ¶¶ 5-10 & Exh. C).[1]

Defendants never accepted those dates or proposed alternative dates despite numerous requests. Instead, they simply failed to show up for the deposition on the noticed date. (*Id.* ¶ 9).

On October 31, 2013, defendants' counsel, Concepcion Montoya, told plaintiff's counsel that she was available on December 11, 13, and 17, but that she had to confirm those deposition dates with her clients. (*Id.* ¶ 11). Over the next month, plaintiff's counsel repeatedly followed up with Ms. Montoya to confirm those deposition dates. (*Id.* ¶¶ 11-15 & Exh. D). Finally, on November 26, 2013, Ms. Montoya confirmed that defendants would appear for their depositions on December 11, 13, and 17, 2013, as she had proposed. (*Id.* ¶ 15).

On December 4, 2013, however, Ms. Montoya's co-counsel informed plaintiff that the defendants could not proceed with their depositions "because Ms. Montoya is not available." (*Id.* ¶ 16 & Exh. E). Defendants subsequently provided new deposition dates in January 2014. (*Id.*).

On January 10, 2014, just before the defendants' depositions were finally scheduled to begin, Ms. Montoya represented to the Court that a settlement conference with a Magistrate Judge would be productive. Based on that representation, plaintiff agreed to participate in settlement negotiations, the Court stayed discovery, and the parties were referred to Magistrate Judge Kevin Nathaniel Fox for a settlement conference. (*Id.* ¶ 18 & Exh. F).

Magistrate Judge Fox's individual rules require the parties to engage in good faith negotiations before any settlement conference. In compliance with those rules, plaintiff's

---

[1]    The Howley Declaration contains a detailed description of the discovery-related communications between counsel and attaches copies of their correspondence and emails. For purposes of brevity, those communications are only summarized in this Memorandum of Law.

counsel provided defendants' counsel with a settlement offer in advance of the conference. The settlement offer included a description of each claim, a calculation of each element of damages sought, and a discount off those calculations for purposes of settlement. (*Id.* ¶ 19).

Defendants refused to make any counter-offer. (*Id.* ¶ 20).

After Magistrate Judge Fox was informed of plaintiff's offer and defendants' refusal to make any counter-offer, he cancelled the settlement conference. (*Id.* ¶ 21 & Exh. G). The completely non-productive settlement process delayed defendants' depositions for three months. (*Id.* ¶ 22 & Exh. F).

After much negotiation and persistent follow up by plaintiff's counsel, defendants agreed to appear for their depositions at the very end of the discovery period, on June 19, 20, 24, and 30. (*Id.* ¶ 23-24). Then, on June 17, 2014, just two days before defendants' first deposition, defendants made an application to disqualify plaintiff's counsel and sought a stay of discovery pending a decision on disqualification. When the Court did not act immediately on their application, the defendants unilaterally refused to appear for their depositions until the disqualification application was decided. Once again, the defendants and their counsel simply did not show up for noticed depositions without any agreement or Court order. (*Id.* ¶ 25).

On June 25, 2014, the Court denied defendants' application to disqualify plaintiff's counsel. The Court set a new discovery deadline of September 5, 2014, and warned counsel that no further extensions would be granted. In reliance on that firm discovery deadline, plaintiff's counsel agreed to start a two-week felony trial on September 15, 2014, in New York State Supreme Court, Kings County. (*Id.* ¶¶ 26, 28).

Between June 25 and July 5, plaintiff's counsel made several efforts to schedule the defendants' depositions. When defendants' counsel failed to respond, plaintiff noticed the defendants' depositions for July 24 and 31, and August 1 and 6. (*Id.* ¶¶ 26-30 & Exh. I).

On July 15, 2014, just one week before the date for defendants' first deposition, defendants' counsel requested a stay of discovery and leave to withdraw as counsel, claiming that they had just been terminated by the defendants. Once again, the defendants avoided appearing for their depositions just days before they were scheduled to begin. (*Id.* ¶¶ 31-34 & Exh. J).

## Argument

### Point I

### DEFENDANTS SHOULD BE REQUIRED TO RETAIN NEW COUNSEL WITHIN 30 DAYS

Defendants allegedly fired Hinshaw and Culbertson on July 15, 2014. (Howley Declr. ¶ 31 & Exh. J). By the time this motion is argued on August 11, 2014, the defendants will have had four weeks to find new counsel. An additional 30-day period to find new counsel is more than sufficient.

Judges within this district routinely allow defendants 30 days or less to retain new counsel. *See, e.g., Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, No. 08 Civ. 9892 (PKL), 2009 WL 4035642 at *3 (S.D.N.Y. Nov. 23, 2009) (granting corporation 30 days to obtain replacement counsel). Given the defendants' year-long campaign to obstruct and delay discovery in this action, there is no basis to depart from that customary 30-day deadline for defendants to retain new counsel if their existing counsel is permitted to withdraw.

## Point II

### DEFENDANTS SHOULD BE ORDERED TO APPEAR FOR THEIR DEPOSITION ON SPECIFIC, COURT-ORDERED DATES, WITH THE THREAT OF DEFAULT JUDGMENTS IF THEY FAIL TO APPEAR

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to compel disclosure by a party, including compelling a party to appear for a deposition. In this case, the Court should exercise that authority to compel the defendants to appear for their depositions on specific dates set by the Court.

Unfortunately, the more common approach of setting general discovery deadlines and allowing the parties and their counsel to pick specific dates has not worked. Unless the Court orders each defendant to appear for their deposition on a specific date, there is a high probability that the defendants will never appear voluntarily.

Assuming that the defendants will be allowed 30 days from August 11, 2014 to retain new counsel, and given the fact that plaintiff's counsel will be on trial in another action during the last two weeks of September, plaintiff proposes that the defendants be ordered to appear for their depositions on the following dates: October 6, 2014 for the 30(b)(6) witness(es); October 8, 2014 for Henry R. Beck; October 10, 2014 for Jeffrey Samonte; and October 14, 2014 for Marissa Beck.

Rule 37 also authorizes the Court to impose sanctions for non-compliance with a discovery order. Given the defendants' history of non-compliance with discovery deadlines and orders, plaintiff requests that the Court caution defendants that their failure to appear for their depositions on the Court-ordered dates will result in serious sanctions, including entry of default judgments against them.

## Point III

### DEFENDANTS SHOULD BE ORDERED
### TO PAY PLAINTIFF'S ATTORNEY'S FEES
### IN CONNECTION WITH THIS CROSS-MOTION

Rule 37 provides that when a party must seek the court's intervention to compel discovery, and the court grants relief, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

In this case, plaintiff's counsel went to extraordinary lengths to secure defendants' appearance at their depositions without the need for court intervention. *See, e.g.*, Howley Declr. ¶¶ 5 - 34. Defendants went to equally extraordinary lengths to frustrate those efforts. *See id.* Awarding the costs of this motion, including attorney's fees, is necessary both to compensate plaintiff for the time and expense incurred in making this cross- motion and to deter the defendants from continuing to engage in obstructive conduct.

As described fully in the accompanying Howley Declaration and exhibits, the 16.25 hours spent preparing this cross-motion to compel discovery and the billing rate of $495 per hour are both reasonable. See Howley Declr. ¶¶ 44-45, 48-55 & Exh. N. Accordingly, plaintiff requests that defendants be ordered to pay to plaintiff $8,043.75 in attorney's fees as a discovery sanction pursuant to Rule 37.

**Point IV**

## THE CORPORATE DEFENDANTS SHOULD BE ORDERED TO PAY THE COSTS OF SERVING THEM WITH THE SUMMONS AND PLAINTIFF'S ATTORNEY'S FEES IN MAKING THIS APPLICATION

Rule 4(d)(2) of the Federal Rules of Civil Procedure requires a court to impose both the expenses of service and the costs of counsel in seeking those expenses, including a reasonable attorney's fee, if the defendant fails to execute and return a waiver of service when requested.

In this case, on May 2, 2013, plaintiff's counsel sent the following documents to each defendant by First Class Mail: (a) a copy of the Complaint; (b) a Notice of Lawsuit and Request to Waive Service of a Summons ("Request"); (c) two copies of a Waiver of the Service of Summons form ("Waiver Form"); and (d) a self-addressed, stamped envelope to return the Waiver Form. (Howley Declr. ¶ 35).

None of the corporate defendants ever returned a Waiver Form. Plaintiff therefore paid a process server to serve each of the corporate defendants with the summons and complaint. The cost of service was $58.00 for each corporate defendant for a total cost of $348.00. (*Id.* ¶ 36).[2]

Plaintiff's counsel asked defendants to pay these service costs in letters dated December 4, 2013, and April 22, 2014. (Id. ¶¶ 38-39). He also called defendants' counsel and asked that her clients reimburse plaintiff for the costs of service. (Id. ¶ 40). Despite these good faith efforts to resolve this issue without court intervention, defendants have not reimbursed plaintiff for the cost of serving the summons and complaint on the corporate defendants. (Id. ¶ 41).

As described fully in the accompanying Howley Declaration and exhibits, the 3 hours spent preparing this cross-motion to recover service costs and the billing rate of $495 per hour

---

[2]  The individual defendants, Marissa and Henry Beck, also failed to return Waiver Forms within the time specified in the Request. They waived service only after Mr. Beck sought an extension of time for the corporate defendants to answer the complaint. (Howley Declr. ¶ 37).

9

are both reasonable. See Howley Declr. ¶¶ 44-45, 48-55 & Exh. N. Accordingly, plaintiff requests that defendants be ordered to pay to plaintiff $368.00 in process service costs and $1,485.00 in attorney's fees pursuant to Rule 4(d)(2).

## Conclusion

For all the foregoing reasons, plaintiff respectfully requests entry of an Order, pursuant to Rules 4 and 37 of the Federal Rules of Civil Procedure: (a) directing each defendant to appear for depositions on specific dates and times to be set by the Court in the Order; (b) warning each defendant that their failure to appear will result in sanctions including entry of default judgments; (c) ordering the defendants to pay plaintiff $8,043.75 in attorneys' fees incurred in bringing this cross-motion to compel depositions; (d) ordering defendants to pay plaintiff $368.00 in process service costs and $1,485.00 in attorneys' fees incurred as a result of defendants' refusal to waive service of the summons and refusal to pay the costs of service; and (e) granting such other and further relief as the Court deems just and equitable.

Dated: New York, New York          JOHN HOWLEY, ESQ.
      August 1, 2014

By: _____
        John J.P. Howley [JH9764]
        *Attorney for Plaintiff*
        350 Fifth Avenue, 59th Floor
        New York, New York 10118
        (212) 601-2728
        jhowley@johnhowleyesq.com