UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LESTER LEE JAVIER,

      Plaintiff,      13 Civ. 2926 (WHP)

  -vs-

MARISSA TEVES BECK, HENRY R. BECK,
MEDICAL DYNAMIC SYSTEMS, INC., OASIS
PROFESSIONAL MANAGEMENT GROUP, INC.,
ADVANCED PROFESSIONAL MARKETING, INC.,
GRILL 21 LLC, PAN DE SAL LLC, and GRAMERCY
GROUP FOUR LLC,

      Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE PLEADINGS AND FOR DEFAULT JUDGMENTS AGAINST THE CORPORATE DEFENDANTS

  Plaintiff Lester Lee Javier submits this memorandum of law in support of his motion, pursuant to the Court's August 15, 2014 Order and Federal Rule of Civil Procedure 55(a), for an Order striking the answers of defendants Medical Dynamic Systems, Inc., Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21, LLC, Pan de Sal LLC, and Gramercy Group Four LLC (collectively, the "Corporate Defendants") and directing entry of default judgments against each of the Corporate Defendants on issues of liability.

### Statement of Facts

  This Court entered an Order on August 15, 2014, granting a motion by defendants' then-counsel to withdraw and directing the Corporate Defendants "to retain new counsel by September 16, 2014." Howley Declr., Exhibit A. The Court cautioned the Corporate

Defendants that it would "entertain an application to strike the Corporate Defendants' pleadings" if they did not retain counsel by that date. *Id.* As of September 18, 2014, no attorney has entered an appearance for any of the Corporate Defendants. Howley Declr. ¶ 9.

### Argument

#### The Court Should Strike the Corporate Defendants' Pleadings And Enter Default Judgments Against Them on Issues of Liability

Federal Rule of Civil Procedure 55 authorizes entry of a default judgment against a party that "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). The Second Circuit has held that "disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (citing *Shapiro, Bernstein & Co., Inc. v. Continental Record Co., Inc.*, 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*)). Specifically, the Second Circuit has held that a corporation's failure to appear by counsel within the time specified by a court order constitutes a failure to defend the action and supports entry of a default judgment. *Id.*

In *Eagle Associates*, the district court ordered the plaintiff limited partnership to "take immediate action to procure new counsel" after it granted a motion by plaintiff's counsel to withdraw. *Eagle Assocs.*, 926 F.2d at 1307. The limited partnership did not retain counsel. Instead, the limited partnership advised the court that it intended to appear *pro se* through one of its partners. *Id.* The district court entered a default judgment against the limited partnership pursuant to Rule 55(a), and the Second Circuit affirmed. *Id.*

In *Shapiro, Bernstein*, the Second Circuit held that it was an abuse of discretion for a district court to deny a motion for a default judgment under similar circumstances. *Shapiro, Bernstein*, 386 F.2d at 427. In that case, the district court granted a motion by a corporate defendant's attorney to withdraw and directed the corporate defendant "to designate an attorney


within fourteen days." *Id.* When the corporate defendant failed to comply with the court's order, plaintiffs moved for a default judgment pursuant to Rule 55. *Id.*

The district court denied the motion for a default judgment. The Second Circuit reversed and remanded with instructions to enter a default judgment on the issue of liability. *Id.* The Second Circuit reasoned that the corporate defendant's failure to comply with the order directing it to designate an attorney within 14 days was "a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Id.* (*citing* Fed. R. Civ. P. 55(a)).

The facts here are indistinguishable. The Corporate Defendants were ordered to retain counsel. They were given ample time to secure an attorney and to have that attorney enter an appearance. They were warned that the failure to do so would result in the striking of their pleadings. They have failed to comply with the Court's order. Moreover, without an attorney, the Corporate Defendants may not proceed *pro se* in any event. *See, e.g., Eagle Assocs.*, 926 F.2d at 1308.

Default judgments should, therefore, be entered against each of the Corporate Defendants on issues of liability for failure to defend the lawsuit.

## Conclusion

For all the foregoing reasons, plaintiff Lester Lee Javier requests entry of an order striking the answers of defendants Medical Dynamic Systems, Inc., Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21, LLC, Pan de Sal LLC, and Gramercy Group Four LLC (collectively, the "Corporate Defendants"), entering default judgments against each of the Corporate Defendants on issues of liability, and granting

such other and further relief as this Court deems just and proper.

Dated: New York, New York  
      September 18, 2014

JOHN HOWLEY, ESQ.

By: _____  
John J.P. Howley [JH9764]  
Attorney for Plaintiff  
350 Fifth Avenue, 59th Floor  
New York, New York 10118  
(212) 601-2728  
jhowley@johnhowleyesq.com