UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

LESTER LEE JAVIER,

                                 **Plaintiff,**

        -against-

MARISSA TEVES BECK, HENRY R. BECK,
MEDICAL DYNAMIC SYSTEMS, INC., OASIS
PROFESSIONAL MANAGEMENT GROUP,
INC., ADVANCED PROFESSIONAL
MARKETING, INC., GRILL 21, LLC, PAN DE
SAL LLC, and GRAMERCY GROUP FOUR
LLC,

                             **Defendants.**

    13 CV 2926 (WHP)

-----------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST THE COMPANY DEFENDANTS

       Marissa Teves Beck and Henry R. Beck, along with the Company Defendants Medical Dynamic Systems, Inc., Oasis Professional Management Group, Inc., Advanced Professional Marketing, Inc., Grill 21, LLC, Pan de Sal LLC, and Gramercy Group Four LLC, by their attorney Loanzon LLP, submit this memorandum of law in opposition to Plaintiff Lester Lee Javier's motion for default judgment against all Company Defendants for their failure to secure counsel by September 16, 2014.

<u>Preliminary Statement</u>

       Defendants respectfully request the Court to deny the motion for default judgment based on excusable delay and lack of prejudice to Plaintiff.  The undersigned law firm was retained on October 6, 2014 and has had to prepare and defend two court-ordered depositions (October 8 and October 14), and respond to Plaintiff's numerous discovery requests.  Defendants recently produced 2,314 pages of pay stubs for eighteen (18) employees dating back to year 2007.

Defendants are still gathering documents, namely time sheets and related documents, in order to respond to Plaintiff's request.

In a 287-paragraph amended complaint, Plaintiff alleged civil RICO, FLSA, Trafficking Victims Protection Act ("TVPA"), and other state law claims.  The Company Defendants diligently searched for counsel, but given the complexity of the issues and claims raised in the case, they have not been able to secure counsel since their former counsel was relieved on August 15, 2014.  See Par. 4 of Decl. of Henry R. Beck, dated October 16, 2014 (hereinafter "Beck Decl. ¶ __").  The Company Defendants were ordered by this Court to retain counsel by September 16, 2014.  To that end, Mr. and Mrs. Beck met with many attorneys but without result.  In one instance, they met at least twice with an attorney who assured the Becks' that he will assist in the case.  See id. at ¶ 7.  However, when the court-imposed deadline of September 16 came, the attorney did not enter an appearance.  Twenty (20) days past the deadline, the Becks' finally were able to secure counsel.

The other reason for the Becks' failure to retain counsel by September 16, 2014 was the large debt they owe their former counsel.  Mr. Beck stated in his declaration that the $150,000.00 still unpaid legal fees they owed to former counsel was a factor in other counsel not taking the case.  See id. at ¶ 5.  It is understandable that an attorney would hesitate to represent the Becks' given their legal debts and inability to pay.

It appears from the Declaration of Henry Beck that the Becks' failure to retain an attorney for the Company Defendants was not willful.  This was not a situation where the Company Defendants ignored multiple orders from the Court to retain counsel.  Given the complexity of the case and the nature of former counsel's withdrawal, the Company Defendants'

20-day delay in securing counsel is not unreasonable and is not deserving of the drastic relief of default judgment.

Argument

In deciding to relieve a party from a default or default judgment, the courts will consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167 (2d Cir. 2001). In addition to considering the various factors, courts prefer that cases be adjudicated on the merits. Id. at 174 (citing Enron Oil, Corp. v. Diakuhara, 10 F.3d 90, 92 (2d Cir. 1993) (holding that entry of default "should be reserved by a trial court as a final, not a first, sanction imposed on a litigant")).

First, there is no evidence here that the Company Defendants willfully did not retain counsel by the court-imposed deadline of September 16, 2014. In fact, the Declaration of Henry Beck establishes that he and his wife met with attorneys in July and August but were not successful because of the daunting complexity raised by the 287-paragraph amended complaint, the large debt owed to former counsel, and the Becks' lack of funds. It was not until October 6 that Defendants were able to engage the undersigned law firm. The 20-day delay in retaining counsel is a delay but it was not willful.

This case is highly distinguishable from the case cited by Plaintiff, Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991). In Eagle Assocs., the corporate defendant had three months to find new counsel but failed to do so, and therefore the Second Circuit affirmed the default judgment rendered against the corporate defendant. In contrast, here, the Company Defendants were given one month to find new counsel after former counsel was relieved on August 15, 2014. See Beck Decl. 4. The Company Defendants failed to get counsel by

3

September 16, not for lack of trying but for lack of funds.  The Second Circuit considered lack of

funds as a factor in determining whether a party should be held in default.  See Pecarsky, 249

F.3d at 173.

Second, the Company Defendants have raised meritorious defenses as fully detailed in

Defendants' unsuccessful motion to dismiss.  "The test of such a defense is measured not by

whether there is a likelihood that it will carry the day, but whether the evidence submitted, if

proven at trial, would constitute a complete defense."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90,

98 (2d Cir. 1993).  In response to the FLSA claims, Defendants argued that Plaintiff's timesheets

conclusively establishes that Plaintiff received all wages to which he was entitled.  As for the

TVPA allegation, Defendants maintained that they did not threaten Plaintiff and Plaintiff did not

suffer serious harm.  With the RICO claims, Defendants contend that Plaintiff failed to allege a

RICO enterprise, predicate acts, conspiracy, and injury.  On the state law causes of action,

Defendants denied that MDSI breached any contracts with Plaintiff by referring to the plain

language of the said contracts.  While the court denied Defendants' motion to dismiss because

Plaintiff has adequately pleaded his claims, Defendants have raised evidence that, if proven at

trial, would satisfy the threshold set forth in Enron Oil Corp.

Third, the denial of Plaintiff's motion for default judgment against the Company

Defendants would not inflict prejudice to Plaintiff.  Delay alone would not be a sufficient basis

for establishing prejudice.  See Enron Oil Corp., 10 F.3d at 98.  Here, despite the motion for

default judgment, discovery has proceeded as against all defendants, including the Company

Defendants.  See Loanzon Decl. ¶¶ 4-5.  As for counsel fees and costs associated with the motion

for default judgment, the Second Circuit has ruled that they do not constitute prejudice.  See

Pecarsky, 249 F.3d at 174 (holding that "[a]ttempting to execute the default judgment and to

proceed against the individual defendants was the sensible next steps for the plaintiffs at the time the default judgment was entered, but does not establish that they would be prejudiced now by our decision to vacate the default judgment entered by the district court").

Finally, the resolution of this case on the merits supports the denial of Plaintiff's motion. Courts have expressed preference for resolving disputes on the merits, and that principle should be applied here.  See Enron Oil Corp., 10 F.3d at 95-96.  The Company Defendants' failure to secure counsel until 20 days past the deadline was not willful.

Conclusion

For the above reasons, and the accompanying Declarations of Tristan Loanzon and Henry R. Beck, the Company Defendants respectfully request the Court to deny Plaintiff's motion for default judgment and for an order that the Court deems just and proper.

Dated:  New York, New York
         October 16, 2014

LOANZON LLP

_____
By:  Tristan C. Loanzon
250 West 57th Street, Suite 901
New York, New York 10107
(212) 760-1515
*Attorneys for Defendants*